# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS H. MATHEWS, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> ALDEN COWEN, ) <br> ) <br> Respondent. ) | Civil Action No. <br> 09-12200-FDS |

## ORDER LIFTING STAY OF PETITION

**SAYLOR, J.**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Louis Mathews is an inmate at Massachusetts Correctional Institution – Norfolk ("MCI Norfolk") in Norfolk, Massachusetts. Respondent Alden Cowen is the current superintendent at MCI-Norfolk.[1]

Mathews was convicted of first-degree murder in December 2005. The Massachusetts Supreme Judicial Court denied his appeal in March 2008, and a single justice of the SJC denied his appeal concerning a motion for new trial in May 2009. This petition was filed in December 2009.

The petition as filed contained both exhausted and unexhausted claims. In March 2011, Judge Gertner of this court, to whom the case was originally drawn, stayed the petition in order to permit Mathews to pursue two unexhausted claims of ineffective assistance of counsel. The

---

[1] The suit was originally filed against Gary Roden, then the superintendent of MCI-Norfolk. Alden Cowen is the current superintendent. The Court has substituted the correct officer pursuant to Fed. R. Civ. P. 25(d).

unexhausted claims, in substance, are that trial counsel failed to investigate and assert a third-party-culprit defense and that appellate counsel failed to seek correction of the trial transcript. The undersigned judge was assigned to the case in July 2012.

The stay has now been in place for more than seven years, during which the parties have filed periodic status reports and the court has held multiple status conferences. During those seven-plus years, a variety of activities have occurred in state court. It became unclear to this Court whether those activities justified the continuation of the stay, or indeed to what extent they are related to the unexhausted claims in the petition. Accordingly, on December 6, 2018, it issued an order directing petitioner to show cause by January 17, 2019, why the stay should remain in place. Petitioner timely filed a response to the show-cause order, which respondent opposed.

After review of the record, and petitioner's response to the show-cause order, it does not appear that he has undertaken any action at all in the state courts to exhaust his Sixth Amendment claims. Instead, his efforts (particularly in recent years) have focused on his efforts either to establish his innocence or to obtain a new trial at which evidence of a third-party culprit could be offered. The issues are certainly related; his principal claim under the Sixth Amendment is that his trial counsel was ineffective for failing to investigate and present such a defense. Nonetheless, they are not the same. As set forth in the show-cause order, a Sixth Amendment claim is analytically distinct from other types of constitutional or factual claims, and has different elements of proof.

Again, whatever the merits of petitioner's claim of innocence, or his claim that he failed to receive a fair trial, the fact remains that he appears to have done nothing to exhaust his Sixth Amendment claims in the state court for more than seven years. The stay-and-abeyance

procedure is intended to permit petitioners, under some circumstances, to exhaust potentially meritorious claims; it is not intended to provide an open-ended extension of time to state prisoners to explore different varieties of claims. *See Rhines*, 544 U.S. at 277 ("Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. . . . Without time limits, petitioners could frustrate AEDPA's goal of finality.").

Accordingly, the stay will be lifted, and petitioner will be required to elect between dismissing the petition entirely or proceeding on the exhausted claims.

Again, nothing in this order is intended to express a view on the merits of petitioner's claims that he did not receive a fair trial, or that he is indeed innocent. The merits of those claims may be determined by the Superior Court, subject to state appellate review, in due course. Whether federal habeas review of such claims would be available, should the claims be unsuccessful in the state courts, is a question for another day.

For the foregoing reasons, the stay of the petition is hereby lifted. Petitioner Louis H. Mathews is hereby ORDERED to file a pleading within 28 days, or by February 28, 2019, that indicates whether he intends to dismiss the petition entirely or proceed solely on his exhausted claims.

**So Ordered.**

Dated: January 31, 2019

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge