UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS H. MATHEWS, ) | |
| ) | |
| Petitioner, ) | Civil Action No. |
| ) | 09-12200-FDS |
| v. ) | |
| ) | |
| STEVEN SILVA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER ON MOTIONS FOR RELIEF
AND RE-FILED PETITION**

**SAYLOR, J.**

This is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner Louis Mathews is an inmate at Massachusetts Correctional Institution - Norfolk in Norfolk, Massachusetts. Respondent Steven Silva is the current superintendent at MCI-Norfolk.[1]

**I. Background**

Mathews was convicted of first-degree murder in December 2005. The Massachusetts Supreme Judicial Court denied his appeal in March 2008, and a single justice of the SJC denied his appeal concerning a motion for new trial in May 2009. This petition was filed in December 2009.

The petition as filed contained both exhausted and unexhausted claims. In March 2011, Judge Gertner of this court, to whom the case was originally drawn, stayed the petition in order to permit Mathews to pursue two unexhausted claims of ineffective assistance of counsel. The

---

[1] The suit was originally filed against Gary Roden, then the superintendent of MCI-Norfolk. Steven Silva is the current superintendent. The Court has substituted the correct officer pursuant to Fed. R. Civ. P. 25(d).

unexhausted claims, in substance, are that trial counsel failed to investigate and assert a third-party-culprit defense and that appellate counsel failed to seek correction of the trial transcript. The undersigned judge was assigned to the case in July 2012.

After a number of status reports and hearings, the Court eventually concluded that the ongoing state litigation did not address the two claims as to which the stay had been issued. It accordingly lifted the stay on January 31, 2019. Mathews twice filed motions for reconsideration of this issue, both of which the Court denied.

The Court ordered Mathews to make an election as to whether he intends to proceed with only his exhausted claims or dismiss the entire petition. After several extensions of time, the Court set a final deadline of July 15, 2019, as to that election.

Unfortunately, on June 11, 2019, the clerk entered an electronic order dismissing the case. That order was entered in error and without the knowledge of the undersigned judge.

In the meantime, Mathews filed a document on July 15, 2019, indicating his intention to proceed only on the exhausted claims.

Mathews has filed two motions for relief from judgment under Fed. R. Civ. P. 60. The first is directed to the decision to lift the stay and the second to the dismissal of the case.

For the reasons outlined below, the Court will deny the motion as to the stay; grant the motion as to vacating the dismissal; and set a schedule for briefing of the petition.

## II.     Analysis

### A.     Legal Standard

Rule 60 provides two paths for relief from a judgment or order. Under Rule 60(a), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on its own,

with or without notice." Fed. R. Civ. P. Rule 60(a). Under Rule 60(b), the court may "relieve a party or its legal representatives from a final judgment, order, or proceeding" for reason of: "(1) mistake [or] inadvertence . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6).

"Rule 60(b) grants federal courts the power to vacate judgments 'whenever such action is appropriate to accomplish justice.'" *Roosevelt REO PR II Corp. v. Del Llano-Jimenez*, 2019 WL 1526691, at *2 (1st Cir. Apr. 9, 2019) (quoting *Bouret-Echevarria v. Caribbean Aviation Maint. Corp.*, 784 F.3d 37, 41 (1st Cir. 2015)). However, "relief under Rule 60(b) is extraordinary in nature and . . . motions invoking that rule should be granted sparingly." *Id.* (internal quotation marks and citations omitted).

**B**.     **Motion for Relief of Order Lifting Stay**

Petitioner's first motion seeks relief from the Court's January 31, 2019 Order Lifting Stay of Petition. The arguments and evidence put forth are essentially the same as those found in his response to the Court's show-cause order and his two motions for reconsideration—in other words, the motion is, in substance, yet another motion for reconsideration.

As set forth in the Court's earlier order, petitioner's unexhausted claims—the justification for the original stay and abeyance—are claims (5a) and (5b) in his petition. After nearly eight years of state-court litigation, claims (5a) and (5b) remain unexhausted and unreviewable by this court. To allow the stay to continue would abuse the limited purpose for which it was first granted. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("Even where stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in AEDPA. . . . Without time limits, petitioners could frustrate AEDPA's goal of finality.").

3

The Court sees no reason to reconsider its earlier decision. Petitioner's Rule 60 motion for relief from the order lifting stay on petition will therefore be denied.

C. **Motion for Relief from Dismissal of Case**

Petitioner's second Rule 60 motion is directed to the June 11, 2019 dismissal. The Court reads petitioner's motion broadly and interprets the argument as being brought under Rule 60 generally and focusing exclusively on the issue of the dismissal. *See Elliston v. Wing Enterprises, Inc.,* 146 F. Supp. 3d, 351, 353 (D. Mass. 2015).

Because the entry of dismissal was a clerical mistake, the Court can correct the error under Rule 60(a). Petitioner's second Rule 60 motion will therefore be granted and the dismissal vacated.

III. **Petitioner's Election to Proceed with Exhausted Claims**

On July 15, 2019, petitioner timely submitted a § 2254 pleading electing to only proceed with his exhausted claims.

Although both respondent and petitioner briefed the merits of those claims in 2010, significant time has passed since then. Although the parties may rest on their prior submissions, the Court will provide an opportunity to revise or supplement them as appropriate.

IV. **Conclusion**

For the foregoing reasons,

1. Petitioner's Rule 60 Motion for Relief of Order Lifting Stay (Docket No. 105) is DENIED.

2. Petitioner's second Rule 60 Motion, construed to address the June 11, 2019 Order Dismissing Case (Docket No. 108), is GRANTED.

3. The Order Dismissing Case (Docket No. 101) is VACATED.

4. Petitioner's Motion to Appoint Counsel (Docket No. 107) is DENIED.

5. Respondent Steven Silva may file a renewed motion to dismiss, together with any supporting memorandum and exhibits, by November 1, 2019. Petitioner Louis Matthews shall file any opposition memorandum and exhibits, by December 16, 2019. Respondent may file a reply memorandum by December 23, 2019. The parties may incorporate by reference their prior memoranda and exhibits, in whole or in part.

**So Ordered.**

Dated: September 20, 2019

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge